UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  CV 25-01005-JFW (KS) | Date: March 26, 2025 |
| Title  *Nicolas v. Superior Court of California for the County of Santa Barbara* | |

Present: The Honorable:   Karen L. Stevenson, Chief Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:  N/A     Attorneys Present for Respondent:  N/A

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

### BACKGROUND

Petitioner, a California inmate proceeding *pro se*, initiated this action by filing the pending Petition, described further below, on February 3, 2025. (Dkt. No. 1.)

#### I. Relevant State Court Proceedings

Petitioner's publicly-available state court records[1] establish that Petitioner is serving a sentence of 195 years to life, plus eleven years and four months, pursuant to a conviction in the Santa Barbara County Superior Court of two counts of solicitation of murder, two counts of forcible lewd act upon a child; two counts of aggravated sexual assault of a child, oral copulation; four counts of aggravated sexual assault of a child, forcible rape; four counts of aggravated sexual assault of a child, sexual penetration; one count of oral copulation of a child under the age of 14; and one count of attempted sodomy of a person under 18. *People v. Nicolas*, No. B254334, 2015 WL 3770758, at *1 (Cal. Ct. App. June 17, 2015).

Petitioner was convicted on November 21, 2013, and sentenced on December 18, 2013. *People v. Nicolas*, Criminal Case No. 1350158, *available at* https://www.santabarbara.courts.ca.gov/online-services/case-records-search (last accessed Mar.

---

[1] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 9-2703-DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-01005-JFW (KS)                                                                  Date: March 26, 2025

Title   <u>Nicolas v. Superior Court of California for the County of Santa Barbara</u>

4, 2025).  As indicated above, Petitioner's direct appeal of the above convictions and sentence was denied on June 17, 2015.  *People v. Nicolas*, No. B254334, 2015 WL 3770758, at *1.  The California Supreme Court denied review of the state appellate court's decision on August 26, 2015.  *People v. Nicolas*, No. S227403 at Dkt. No. 5 (Cal. 2015), *available at* https://appellatecases.courtinfo.ca.gov (last accessed on Mar. 4, 2025).

## II.     Relevant Federal Court Proceedings

On February 3, 2025, Petitioner filed a document entitled, "Petition for Writ of Mandate/Prohibition/Injunction" ("Petition").  (Dkt. No. 1.)  The document was filed by the Clerk as a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition").  The Petition raises numerous issues directed at a charging document and related criminal proceedings against Petitioner.  (*Id.* at 2-42.)  Although the Petition does not specifically state what criminal proceedings Petitioner seeks to challenge, the first page of the Petition reflects the case number for Petitioner's Santa Barabara County criminal conviction noted above. (criminal case no. 135015).  (*Id.* at 1.)

Previously, on August 30, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 in this Court.  *Felix Federico Nicolas Junior v. M.E. Spearman*, 2:16-cv-06521-JFW-KS.[2]  That Petition raised two claims challenging the state court decisions affirming Petitioner's conviction in Santa Barbara County Superior Court case no. 1350158.  *Id.* at Dkt. No. 1.  On May 12, 2017, the undersigned Magistrate Judge issued a Report and Recommendation finding that both of Petitioner's clams lacked merit and recommending that the petition be denied and the action dismissed with prejudice.  *Id.* at Dkt. No. 18.  On June 28, 2017, no objections having been filed, the District Judge accepted the Report and Recommendation, denied the Petition, and entered judgment dismissing the action with prejudice.  *Id.* at Dkt. Nos. 21, 22.  The Court also denied certificate of appealability.  *Id.* at Dkt. No. 23.

\\
\\
\\

---

[2]  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a federal court may take judicial notice of its own records in other cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 25-01005-JFW (KS)                                           Date: March 26, 2025

Title    *Nicolas v. Superior Court of California for the County of Santa Barbara*

**DISCUSSION**

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*  Here, the Court has identified a defect indicating that the Petition must be dismissed as second or successive.

    The pending Petition appears to seek relief from Petitioner's November 21, 2013 conviction.  (Dkt. No. 1 at 1.)  However, state habeas petitioners generally may only file one federal habeas petition challenging a particular state conviction and/or sentence.  *See* 28 U.S.C. § 2244(b)(1) (courts shall dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); *see also* § 2244(b)(2) (with certain exceptions, courts shall dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

    Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

    Petitioner sought Section 2254 relief based on the same state conviction at issue here in *Felix Federico Nicolas Junior v. M.E. Spearman*, 2:16-cv-06521-JFW-KS.  As discussed above,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 25-01005-JFW (KS)                                    Date: March 26, 2025

Title       *Nicolas v. Superior Court of California for the County of Santa Barbara*

the Court denied that petition with prejudice. *Id.* at Dkt. Nos. 18, 21, 22. Therefore, the pending Petition appears to be an unauthorized second or successive petition, and before this Court may consider it, Petitioner must first seek authorization from the Ninth Circuit. 28 U.S.C. § 2244(b)(3); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

### CONCLUSION

**Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of this Order why the Petition should not be dismissed** as an unauthorized second or successive petition. *See* 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157.

To discharge the Order to Show Cause, Petitioner must file: (1) a First Amended Petition that explains why this action is not second or successive because Petitioner is not challenging the same conviction or sentence as he did in his prior federal habeas petition; or (2) authorization from the Ninth Circuit to file a second or successive petition.

**Petitioner's failure to timely show cause for proceeding with this action <u>will</u> result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(b).**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

|  | : |
|---|---|
| **Initials of Preparer** | gr |